IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TORRES, | No. 2:12-CV-1224-KJM-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| DOMINGO URIBE, JR., | |
|     Respondent. | |
| _____ / | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss (Doc. 12) and petitioner's opposition (Doc. 13).

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

1

remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner is challenging a prison disciplinary proceeding, wherein he was found guilty of charges related to a controlled substance in prison.  Respondent brings this motion to dismiss petitioner's habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).  Petitioner asserts an exception to the statute of limitations in that he is actually innocent of the charges.

In cases challenging prison disciplinary proceedings, the limitation period begins to run the day after the petitioner receives notice of final denial of his administrative appeals. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).  There is a presumption, which the petitioner may rebut, that notice was received the day the denial was issued.  See Valdez v. Horel, 2007 WL 2344899 (E.D. Cal. 2007).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

1  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549
2  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
3  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
4  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
5  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
6  untimely, the federal court must independently determine whether there was undue delay.  See id.
7  at 226-27.

8              There is no tolling for the interval of time between post-conviction applications
9  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
10 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
11 tolling for the period between different sets of post-conviction applications.  See Biggs v.
12 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
13 review and the filing of a state post-conviction application does not toll the limitations period.
14 See Nino, 1983 F.3d at 1006-07.

15             Here, petitioner is challenging his 2008 prison disciplinary  proceedings.
16 Respondent sets forth the following history of petitioner's challenge to the guilty finding, which
17 is supported by the exhibits attached to the petitioner and/or the motion to dismiss.  Petitioner
18 does not challenge this history.  Petitioner was found guilty on April 24, 2008, and was assessed
19 a 180-day forfeiture of credit.  He then challenged that finding through the inmate grievance
20 process, which was upheld through the third and final level of review on February 17, 2009.  On
21 January 21, 2010, petitioner filed his first writ of habeas corpus in the Sacramento County
22 Superior Court.  The Court denied the petition on March 16, 2010.  On September 9, 2010, he
23 filed his petition with the California Court of Appeal, which was denied on September 23, 2010.
24 However, then instead of filing his petition with the California Supreme Court, he returned to the
25 Sacramento County Superior Court and submitted a new habeas petition on March 29, 2011.
26 That petition was denied on May 25, 2011.  Petitioner then filed his second petition with the

1  California Court of Appeal on July 17, 2011, which was denied on July 28, 2011. Finally,
2  petitioner filed a habeas petition in the California Supreme Court on October 4, 2011, which was
3  denied on February 22, 2012.
4          Based on this history, petitioner's statute of limitations began to run upon receipt
5  of his final inmate appeal, February 17, 2009. He then had one year to file his federal habeas
6  petition, minus any time which is tolled. He waited just over eleven months to file his first state
7  habeas petition, until January 21, 2010. That petition was denied on March 16, 2010. He then
8  waited almost six months to file his petition with the California Court of Appeal. The interval of
9  time between these filings would generally be considered unreasonable, and therefore not eligible
10 for tolling. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (observing that 30 to 60 days would
11 normally be reasonable). However, even if the court was to find tolling applicable during
12 petitioner's first run through the state courts, petitioner did not complete the process by filing his
13 petition with the California Supreme Court as his next step. Instead, he returned to the
14 Sacramento County Superior Court, filing a second petition. As set forth above, there is no
15 tolling for the period between different sets of petitions. Thus, even if petitioner was eligible for
16 tolling during the pendency between his first filings in the state courts, he is not eligible for
17 tolling between the time he received the denial of his first petition filed in the California Court of
18 Appeal, September 23, 2010, and the date he filed his petition with the California Supreme
19 Court, October 4, 2011. Again, even if he was eligible for such tolling, there is no tolling for the
20 time between the denial by the California Supreme Court and the time he filed his federal habeas
21 petition with this court. The California Supreme Court denied his petition on February 22, 2012.
22 He then filed his federal petition on May 1, 2012. At minimum, even if the court were to find
23 petitioner was entitled to tolling during the entire time he was pursing his state habeas petitions,
24 petitioner had used eleven of his twelve months prior to filing his first state habeas petition. He
25 therefore had only one month from the time the California Supreme Court denied his petition to
26 file his federal habeas petition. He waiting over two months to do so. Thus, no matter how the

court calculates the tolling, petitioner's statute of limitations had run prior to the time he filed his federal habeas petition with this court. His petition is therefore untimely.

In his opposition, petitioner argues he is actually innocent of the underlying charges, thus exempting him from the statute of limitations. The Ninth Circuit Court of Appeals has recently found that "a credible claim of actual innocence" may be sufficient to have otherwise time-barred claims heard on the merits. Lee v. Lampert, 653 F.3d 929, 932-33 (9th Cir. 2011).

In Lee, the Court held that a credible claim of actual innocence constitutes an equitable exception to ADEPA's statute of limitations, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits. See id. (citing Schlup v Delo, 513 U.S. 298, 314-16 (1995)). Thus, if an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional claims heard on the merits. See Lee, 653 F.3d at 937.

It is the petitioner's burden to produce sufficient proof of actual innocence to bring him within the narrow class of cases implicating a fundamental miscarriage of justice. See id. The petitioner must submit new, reliable evidence that undercuts the reliability of the proof of guilt and is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. See id. at 937–38 (citing Schlup v. Delo, 513 U.S. 298, 314–16 (1995)). The evidence may be exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The court considers all new and old evidence and makes a probabilistic determination of what reasonable, properly instructed jurors would do. See id. at 938. The Court in Lee expressly declined to decide what level, if any, of diligence is required for

1  one raising the equitable exception of actual innocence. See id. at 934 n. 9.

2  Here, petitioner argues he is actually innocent of the charges. However, he
3  provides no support for that contention. He fails to provide any proof, let alone sufficient proof,
4  of his innocence, not even a supporting declaration. His conclusory statements that he is
5  innocent of the charges is insufficient to support his position. The undersigned notes that
6  although he claims actual innocence in his opposition to the motion to dismiss, it is not one of
7  the grounds set forth in his petition. Rather, he argues he was denied his due process rights
8  during the hearing for the prison officials' failure to notify him of the increase in the charged
9  offense, and the lack of "some evidence" to support the finding. He does not, however, provide
10 any proof of his innocence.

11 Accordingly, the undersigned finds the petitioner's federal habeas petition was
12 filed beyond the statute of limitations. Petitioner is not entitled an exception to the statute of
13 limitations based on his actual innocent argument.

14 Based on the foregoing, the undersigned recommends that respondent's motion to
15 dismiss (Doc. 12) be granted and this case dismissed as untimely.

16 These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court. Responses to objections shall be filed within 14 days after service of
20 objections. Failure to file objections within the specified time may waive the right to appeal.
21 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 7, 2013

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE